**IN THE DISTRICT COURT FOR THE UNITED STATES**

**FOR THE DISTRICT OF RHODE ISLAND**

RECEIVED
MAY 12 2008
Property of U.S. District Court
District of Rhode Island

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 01-57ML |
| | ) | |
| JONATHAN A. BRIGGS | ) | |

**STIPULATION REGARDING MODIFICATION OF SENTENCE**

**IT IS HEREBY STIPULATED AND AGREED**, by and between the parties acting through their respective counsel, that:

1. Defendant has submitted a request for modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2).

2. Defendant's original guideline calculation was as follows:

Total Offense Level 29.

Criminal History Category V.

140 to 175 months imprisonment.

4 to 5 years supervised release

$ 12,500 to $ 7,000,000 fine.

3. Defendant was sentenced on April 11, 2002 to 140 months imprisonment.

4. Defendant is eligible for a modification of his sentence Pursuant to 18 U.S.C. § 3582(c) and USSG § 1B1.10(c), Amendment 706 of the United States Sentencing Commission Guidelines Manual

5. Defendant's revised guideline calculation is a follows:

Total Offense Level _27_.

Criminal History Category _V_..

_120_ to _150_ months imprisonment

_4_ to _5_ years supervised release

$ 15,000 to $ 7,000,000 fine.

6. According to the modified pre-sentence report, defendant's conduct while imprisoned reveals that the defendant had an incident report on January 31, 2007, for Possessing Intoxicants, on February 21, 2005, for Possessing Intoxicants, on November 29, 2004, for Refusing Work/Program Assignment, and Being Absent from Assignment, on May 20, 2004, for Being Absent from Assignment, on January 5, 2004, for Smoking in Unauthorized Area, on December 11, 2003, for Refusing Work/Program Assignment, and being Absent from Assignment, on June 3, 2003, for Phone Abuse, on July 3, 2002, for Failing to Follow Safety Regulations.

7. Based upon the foregoing, the parties hereby stipulate that a sentence of 120 months is appropriate in this matter.

8. The parties further stipulate that the remainder of defendant's judgment shall remain unchanged.

9. Defendant stipulates that he waives and does not request a hearing in this matter pursuant to Fed. R. Crim. P. 43, 18 U.S..C § 3582(c)(2); United States v. Booker, 543 U.S. 220 (2005) and Kimbrough v. United States, 2007 WL 4292040 (U.S. 2007).

10. Accordingly, the parties agree and stipulate that an amended judgement may be entered by the Court in accordance with this stipulation on or after March 3, 2008, pursuant to 18 U.S.C. § 3582(c) and USSG § 1B1.10(c), Amendment 706 of the United States Sentencing Commission Guidelines Manual.

Respectfully submitted,

KEVIN FITZGERALD
Counsel for Defendant

5-12-8
Date

KENNETH P. MADDEN
Assistant U.S. Attorney

5-6-2008
Date